UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KORRTEL FILZEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00017-JPH-MG |
| | ) |
| JACOB WILLIAMS Sgt., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Korrtel Filzen is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action under 42 U.S.C. § 1983 alleging violations of his Constitutional rights based on events that occurred during his incarceration at Pendleton. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley,* 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Filzen's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint lists two defendants, Sergeant Jacob Williams and Officer Adam Williams. Mr. Filzen alleges discrimination and excessive force claims against Officer Williams and Sergeant Williams. He seeks monetary damages.

Mr. Filzen alleges that on July 16, 2023, at about 6:30 a.m. he had stomach pains and used the restroom, causing his toilet to become clogged and flood. Mr. Filzen had feces on his feet, back, and legs. He requested assistance from Officer Williams, who shut off the water in his cell in response. This deprived Mr. Filzen of any way to clean himself or his cell. Mr. Filzen again requested that he be able to shower. Officer Williams placed him in handcuffs that were too tight and caused his wrists to bleed.

Officer Williams took Mr. Filzen to a shakedown cell. Mr. Filzen then had a conversation with Sgt. Williams and requested that he be able to shower and get his cell cleaned by the biohazard team. Sgt. Williams told Mr. Filzen that he would not get a shower and that his cell would be cleaned by one of the inmate

2

workers on the cleaning crew. Mr. Filzen's lunch tray was delivered to his dirty cell, and not to him in the shakedown cell.

Mr. Filzen was seen by Nurse Flemmings at 2:40 p.m. that day. She observed his injured wrists, the feces on his body, and told Sgt. Williams that he should be able to shower. Sgt. Williams again denied Mr. Filzen a shower.

Mr. Filzen returned to his cell after being in the strip cell for 9 hours with no food or water. He was not able to shower until 10:30 p.m. the following day. This same day, Mr. Filzen observed a white inmate had also clogged his toilet who was treated differently by Sgt. Williams and Officer Williams, as he was not handcuffed or taken to a shakedown cell.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted. Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Filzen has identified the theories he wishes to use—an Eighth Amendment excessive force claim and a discrimination claim. Dkt. 1 at 5. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the court analyzes Mr. Filzen's claims only under the theories he has identified.

First, Mr. Filzen's excessive force claim against Sergeant Williams is **dismissed for failure to state a claim upon which relief can be granted.** "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). No allegation in the complaint supports a reasonable inference that Sergeant Williams was personally involved in Officer Williams applying handcuffs to Mr. Filzen or any other use of force.

The claims which shall proceed are the following. Mr. Filzen's Eighth Amendment excessive force claim **shall proceed** against Officer Williams on the allegation that he placed handcuffs on him too tight that caused his wrists to bleed. Mr. Filzen's Equal Protection claim under the Fourteenth Amendment **shall proceed** against Officer Williams and Sergeant Williams based on his claim that he was treated differently than a similarly situated inmate of a different race.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 28, 2025,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The following claims are proceeding in this action: (1) Mr. Filzen's Eighth Amendment excessive force claim against Officer Williams; and (2) Mr. Filzen's Equal Protection claim under the Fourteenth Amendment against Officer Williams and Sergeant Williams. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sergeant Jacob Williams and Officer Adam Williams in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 2, 2025, dkt. [1], exhibits, dkt. [1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 8/13/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KORRTEL FILZEN
190610
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronic service to Indiana Department of Correction:
    Sergeant Jacob Williams
    Officer Adam Williams
    (Both at Pendleton Correctional Facility)